## UNITED STATES v. TIFFANY & CO.

(Circuit Court, S. D. New York. May 14, 1909.)

### No. 5,454.

CUSTOMS DUTIES (§ 37*)—CLASSIFICATION—DRILLED PEARLS—INCOMPLETE NECKLACE—"JEWELRY"—"PEARLS IN THEIR NATURAL STATE."

Drilled pearls, which had been assembled and matched abroad and were ordered to be made into a necklace in New York, but had never been strung as a necklace, except temporarily, for purposes of display, are not "jewelry" under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 434, 30 Stat. 192 (U. S. Comp. St. 1901, p. 1676), but are dutiable either directly or by similitude as "pearls in their natural state," under paragraph 436, 30 Stat. 192 (U. S. Comp. St. 1901, p. 1676).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*

For other definitions, see Words and Phrases, vol. 4, pp. 3811, 3812; vol. 8, p. 7694.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, which is reported as G. A. 6,864 (T. D. 29,542), reversed the assessment of duty by the collector of customs at the port of New York. The opinion filed by the Board reads as follows:

SHARRETTS, General Appraiser. The protestants in this case, Messrs. Tiffany & Co., imported into the United States 59 pearls, valued at $16,244.47, divided into four packages, containing, respectively, 13, 21, 15, and 10 pearls. These pearls were all loose and all drilled. The appraiser returned them as "pearls," with the advisory rate of 10 per cent. ad valorem. The collector, however, disregarded the appraiser's report and made the following return on the invoice: "Classified as jewelry, dutiable at 60 per cent. ad valorem by similitude under section 7, Act July 24, 1897, by order of department."

It appears from the testimony adduced at the several hearings in the case that Mr. M. Guggenheim, the ultimate purchaser of these pearls, visited the Paris establishment of Tiffany & Co. for the purpose of purchasing a necklace for his wife; but, finding nothing suitable in stock, he requested the salesman to get a number of pearls together to make the desired necklace. Mr. Guggenheim visited Tiffany & Co.'s establishment daily for probably a week, and inspected the loose drilled pearls as they were procured. At the expiration of that time the assortment was completed, and a final sketch made of the necklace as it would appear when finished. Then an order was

given for a necklace to be made by Tiffany at New York from the pearls selected, at a cost not exceeding $25,000. These loose drilled pearls may have been and probably were temporarily strung in the Paris establishment one or more times, to show how the string of pearls would appear as a necklace; but at no time were the pearls made into a completed necklace before importation. Nor were they even worn abroad, as far as the testimony discloses.

The relevant facts in the case at bar are substantially the same as those found by the Board in the Bernard Citroen Case. G. A. 6,617 (T. D. 28,246). Evidence taken before a referee, for the court, subsequently to the Board's decision, however, showed that the Citroen pearls had been made into a necklace in Paris and there worn on several occasions, after which they were removed from the string and shipped loose, in separate packages, to Mr. Leeds, the purchaser abroad, who had made a part payment thereon in Paris. The essential difference between the Citroen Case and the one here presented is that in the one the pearls were assembled in the form of a necklace and worn as such before importation, while in the other the pearls were never advanced beyond the condition of a collection of pearls for a necklace, probably temporarily strung for display. G. A. 6,617, supra, upon review, was reversed by the Circuit Court for the Southern District of New York; the court holding that the pearls there in question were dutiable by similitude at 60 per cent. ad valorem under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 434, 30 Stat. 192 (U. S. Comp. St. 1901, p. 1676). U. S. v. Citroen (C. C.) T. D. 29,124. The case having been appealed to the Circuit Court of Appeals, Second Circuit, that tribunal held that the pearls in question were dutiable by similitude to "pearls in their natural state," at 10 per cent. ad valorem under paragraph 436, 30 Stat. 192 (U. S. Comp. St. 1901, p. 676), reversing the lower court and affirming the Board's decision. Citroen v. U. S. (C. C. A.) 166 Fed. 693, T. D. 29,502.

The opinion of the appellate court, in the Citroen Case, supra, conclusively shows that the pearls now in question are dutiable at 10 per cent. ad valorem under paragraph 436, either directly or by similitude. The protest now before us is therefore sustained, and the collector's decision in assessing duty on the merchandise at 60 per cent. ad valorem under paragraph 434 is reversed.

D. Frank Lloyd, Asst. U. S. Atty.
Arthur M. King, for importers.

PLATT, District Judge. Decision affirmed, on the opinion of the Board.